Filed 1/25/24  P. v. Garcia CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PETER IGNACIO GARCIA,<br><br>    Defendant and Appellant. | B325388<br><br>(Los Angeles County<br>Super. Ct. No. BA381662) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David R. Fields, Judge.  Affirmed.

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Peter Garcia appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[1]  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and appellant filed a supplemental brief.  We review the contentions appellant raises in his supplemental brief and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2012, appellant was charged in an amended information with murder (§ 187, subd. (a), count one), evading an officer with willful disregard (Veh. Code, § 2800.2, subd. (a), count two), and possession of a firearm by a felon (§ 12021, subd. (a)(1), count three).  As relevant here, the information further alleged in count one that appellant personally and intentionally discharged a firearm, causing great bodily injury and death (§ 12022.53, subds. (b), (c), and (d)).

The underlying facts presented at trial are discussed in detail in this court's prior nonpublished opinion, *People v. Garcia* (June 18, 2015, B250582).  We briefly discuss them here to provide context for the trial court's ruling.  We otherwise do not rely on this factual background in resolving the issues presented in this appeal.  (See § 1172.6, subd. (d)(3).)  It was undisputed at trial that appellant shot the victim as she ran across the street, hitting her in the back and fatally wounding her.  It was also undisputed that at some point earlier in the day, the victim shot appellant's sister in the leg, but the precise timing and location of that shooting were subject to conflicting evidence at trial.  The

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

prosecution's case therefore focused on proving that appellant chased and shot the victim with the malice required for murder, while appellant argued that he acted in self-defense or defense of others.

In October 2012, a jury acquitted appellant of murder on count one, but found him guilty of the lesser included offense of voluntary manslaughter (§ 192, subd. (a)) and found true the applicable enhancement that appellant personally used a firearm (§ 12022.5, subd. (a)).  The jury also convicted appellant on counts two and three.  Appellant admitted the allegations regarding his prior serious felony convictions.  The court sentenced him to 40 years to life.  A different panel of this court affirmed appellant's conviction.  (*People v. Garcia, supra*, B223214).

In January 2022, appellant filed a form petition for resentencing under former section 1170.95, now section 1172.6.[2] The court appointed counsel for appellant.  The People opposed the petition, arguing that appellant was ineligible for relief as a matter of law because his jury was not instructed on the theories of natural and probable consequences or felony murder.  Instead, the People asserted that the "sole theory of liability pursued by the People at trial was that the petitioner harbored an intent to kill when he personally used a firearm to shoot" the victim.  The People attached as exhibits this court's opinion from appellant's direct appeal, the verdict forms, and the jury instructions from the trial.  Appellant did not file a reply brief.

The superior court denied the motion on the grounds that appellant failed to demonstrate prima facie entitlement to relief.

---

[2]     Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

3

At the hearing on the petition, the court noted that no jury instructions were given regarding natural and probable consequences, felony murder, or aiding and abetting. The court concluded that appellant was the "direct perpetrator" and therefore that he failed to make the requisite prima facie showing for relief under section 1172.6.

Appellant timely appealed.

## DISCUSSION

Appellant's appointed attorney filed a brief raising no issues and requesting that this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216. This court advised appellant of his right to file a supplemental brief (see *Delgadillo, supra*, 14 Cal.5th at pp. 231-232), and appellant did so. We evaluate the arguments set forth in that supplemental brief. (See *id*. at p. 232 ["If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

Appellant argues that the trial court improperly engaged in fact finding when concluding that he was not entitled to relief at the prima facie stage. He does not elaborate on this contention, apart from citing the general principles set forth in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). We find no error. The trial court expressly relied on the record, including the jury instructions and verdict forms, to find that appellant was the actual shooter and that the prosecution had not proceeded under either a natural and probable consequences or a felony murder theory. This was proper at the prima facie stage. (See *Lewis, supra*, 11 Cal.5th at p. 971 ["[I]f the record, including the court's own documents, "'contain[s] facts refuting the allegations made in

4

the petition,'" then 'the court is justified in making a credibility determination adverse to the petitioner,'" at the prima facie stage.].)

Appellant also contends that the jury was instructed under a natural and probable consequences theory.  He attaches a copy of CALCRIM No. 520, which identifies the elements of "First or Second Degree Murder With Malice Aforethought."  The instruction includes language that the defendant acted with implied malice if "1.  He intentionally committed an act; 2.  The natural and probable consequences of the act were dangerous to human life; 3.  At the time he acted, he knew his act was dangerous to human life; AND 4.  He deliberately acted with conscious disregard for human life."

Although the instructions for implied malice murder include the words "natural and probable consequences," implied malice and the natural and probable consequences theory are distinct concepts. "Whereas implied malice is based on 'the "natural and probable consequences" of a defendant's *own* act,' the natural and probable consequences doctrine [abrogated by Senate Bill 1437] was 'a theory of vicarious liability under which "[a]n aider and abettor [was] guilty not only of the intended, or target, crime but also of any other crime a principal in the target crime actually commit[ted] (the nontarget crime)'"—including murder— ""that [was] a natural and probable consequence of the target crime."' [Citation.]  'Because a nontarget murder "'[was] unintended, the mens rea of the aider and abettor with respect to that offense [was] irrelevant and culpability [was] imposed simply because a reasonable person could have foreseen the commission of the [murder].""' [Citation.]  (*People v. Rivera* (2021) 62 Cal.App.5th 217, 231–232, fn. omitted (*Rivera*),

5

abrogated on another ground in *Lewis, supra*, 11 Cal.5th 952.) Senate Bill 1437 "'abolished the natural and probable consequences doctrine' as a theory of vicarious liability, [but] 'it maintained the viability of murder convictions based on implied malice, and the definition of implied malice remains unchanged.'" (*Rivera, supra*, 62 Cal.App.5th at p. 232.)

As such, although the jury here was instructed on the elements of murder, including implied malice, the trial court did not instruct the jury on the natural and probable consequences doctrine.  Similarly, the prosecution did not advance any theory of accomplice liability, but argued only that appellant was directly liable as the actual shooter.  Nothing in the record suggests appellant was charged or convicted under the natural and probable consequences doctrine or any other theory in which malice was imputed to him.  For these reasons, the trial court was correct in concluding appellant was ineligible for relief under section 1172.6 as a matter of law.

## DISPOSITION

The order denying the petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:



CURREY, P. J.                                             MORI, J.


6